## SPELLMAN v. AMERICAN BARGE LINE CO., Inc.

### Civ. A. No. 6365.

District Court, W. D. Pennsylvania.

March 8, 1948.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Lucian Y. Ray (of Leckie, McCreary, Schlitz & Hinslea), of Cleveland, Ohio, and Harold E. Harper (of Alter, Wright & Barron), of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Three actions are alleged in the complaint, one being based on maintenance and cure, another being alleged unseaworthiess of the vessel and another, negligence under the Jones Act, 46 U.S.C.A. § 688.

Plaintiff was a seaman and was employed as a member of the crew on the motor vessel "Duncan Bruce" as a maid. The vessel was owned by the defendant and was used in navigation on the Ohio River. During plaintiff's regular tour of duty January 8, 1947 to January 18, 1947, she became ill and by reason of her illness, left the vessel January 18, 1947.

The jury found a verdict in favor of the defendant under binding instructions of the Court on the action based on unseaworthiness. It found a verdict in favor of the defendant on the other two grounds of action, namely, maintenance and cure and negligence under the Jones Act.

The case is now before us on plaintiff's motion that judgment be entered in her favor on the action for maintenance and cure and also on the motion of plaintiff for a new trial on the action for maintenance

and cure if judgment in her favor is refused, and also for a new trial in the other two actions.

I will consider the motions for a new trial first.

### Action for Maintenance and Cure

■ The reason alleged in support of this motion is that the verdict is against the weight of the evidence. This contention, I think, is clearly right and therefore this motion should be granted.

### Action Based on Unseaworthiness

Plaintiff, in her motion, alleges that the Court erred in directing a verdict in favor of the defendant on this ground. In the complaint, plaintiff alleges unseaworthiness in that the defendant failed to furnish the plaintiff with a seaworthy vessel manned and operated with a sufficient and competent crew.

Defendant, in its brief, concedes that "the decisions have extended the term 'unseaworthiness' to include proper manning of a vessel." In the case of the Rolph, 9 Cir., 299 F. 52, 54, Certiorari denied, 266 U.S. 614, 45 S.Ct. 96, 69 L.ED. 468, the Court stated: "In Lord v. Goodall, N. & P. S. Co., 4 Sawy. 292, Fed.Cas. No. 8,506, it was held to be duty of the owner to provide a vessel with a competent master and a competent crew, and to see that the ship when she sails is in all respects seaworthy, and that he is bound to exercise the utmost care in these particulars. In Adams v. Bortz, 2 Cir., 279 F. 521, it was said that the basic thought is that the vessel shall be equipped to perform the duty which she owes to the human beings on board her, and the cargo which she carries. Rainey v. New York & P. S.S. Co., 9 Cir., 216 F. 449, L.R.A. 1916A, 1149." See The Southwark, 191 U.S. 1, 24 S.Ct. 1, 48 L.Ed. 65; The Rolph, D.C., 293 F. 269, affirmed 9 Cir., 299 F. 52, 54; In re Pacific Mail S.S. Co., 9 Cir., 130 F. 76.

■ The Captain or master of the vessel "Duncan Bruce" testified, in effect, that he understood his duties in reference to a crew member who became ill or injured on the vessel to consist merely of giving such crew member a hospital ticket and putting him or her ashore. His duty as captain or master was to furnish proper medical aid under the circumstances to a sick seaman. See Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. Whether the Captain or master was a competent master was a question of fact for the jury. I am therefore of the opinion that an error was made in directing a verdict for the defendant on this cause of action and therefore that the motion for a new trial should be granted.

### Jones Act or Negligence

■ Plaintiff, in her motion for a new trial, avers that the Court erred in admitting a hospital record (referring to the records of the Spencer State Hospital) over her objection. The records received contained declarations by the plaintiff that she had been afflicted with gonorrhea and syphilis and further that she had intercourse with other person or persons than her husband. The applicable statute, 28 U.S.C.A. § 695, is as follows: "In any court of the United States and in any court established by an Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissable as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include business, profession, occupation, and calling of every kind."

The statements in the record were not made as a record, memorandum or record of any act, transaction, occurrence or event.

As to the effect of the admission of incompetent and irrelevant evidence, see Harriett Dow, Administratrix of the estate of Paul Dow v. Carnegie-Illinois Steel Corpo-

ration, 3 Cir., 165 F. 2d 777, opinion by Biggs, C. J., January 22, 1948.

I conclude that the motion for a new trial on the action under the Jones Act for negligence should be granted.

As the record now stands, the motion for judgment by plaintiff on the action of maintenance and cure cannot be granted, because the record shows that the evidence is almost wholly oral and partly in dispute which left issue or issues of fact for the jury.